**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GONZALES COUNTY, GONZALES COUNTY HOSPITAL DISTRICT, and NIXON-SMILEY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,** | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-06-CA-1101 FB (NN)** |
| **WYNELLE SHEFFIELD, LYNN WALT SHEFFIELD, JO NELL SHEFFIELD HOBIZAL, and UNITED STATES OF AMERICA,** | § | |
| **Defendants.** | § | |

**MEMORANDUM AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: Hon. Fred Biery**
**United States District Judge**

## I. Introduction

This memorandum and recommendation addresses the motion to remand filed in this case by plaintiffs Gonzales County, Gonzales County Hospital, and Nixon-Smiley Consolidated Independent School District (collectively, the plaintiffs).[1] I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[2] After

---

[1]*See* docket entry #s 10 & 15.

[2]*See* docket entry # 3.

considering the motion to remand, I recommend that the District Court remand this case to the 25th Judicial District Court, Gonzales County, Texas.

## II. Procedural History

Michael Joseph Kearns removed this case from the 25th Judicial District Court, Gonzales County, Texas on December 14, 2006.[3] In his notice of removal, Kearns stated that he was removing an action to collect ad valorem taxes pursuant to 28 U.S.C. § 1446.[4] Kearns asserted that subject matter jurisdiction exists in this case because the United States of America is named as a defendant.[5] Kearns explained that the United States is a defendant because of federal liens on the property that is the subject of the lawsuit. Because the papers for the removed action were not attached to the petition for removal, I ordered Kearns to submit copies of all records and proceedings before the state court.[6] In response, Kearns submitted numerous state court papers (hereinafter, the state court papers).[7] On January 11, 2007, the plaintiffs moved to remand this case.[8] The plaintiffs supplemented their motion on January 26, 2007.[9] The plaintiffs maintain that the removal was defective and that no basis exists for federal court jurisdiction.

---

[3] *See* docket entry # 1.

[4] *Id*. at ¶ 2.

[5] *Id*. at ¶¶ 3, 4, & 10.

[6] *See* docket entry # 5.

[7] *See* docket entry # 6.

[8] *See* docket entry # 10.

[9] *See* docket entry # 15.

## III. Applicable Standards

"[R]emoval statutes are to be construed strictly against removal and for remand."[10] "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[11] "The removing party bears the burden of showing . . . that removal was proper."[12]

## IV. Whether the Removal Was Defective

The plaintiffs contend that the removal was defective because Kearns's notice of removal was untimely. Under 28 U.S.C. § 1446, the defendant must file the notice of removal within 30 days of receiving "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."[13] This time limit applies when the case is removable when originally filed. This case was not removable when originally filed, however, because the parties were not diverse and the plaintiffs alleged state law claims.

Kearns maintains the case became removable when the plaintiffs added the United States as a defendant. In a case that is not initially removal, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ."[14] Kearns contends that his notice of removal was timely

---

[10] *Eastus v. Blue Bell Creameries*, 97 F.3d 100, 106 (5th Cir. 1996).

[11] *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

[12] *Manguno*, 276 F.3d at 723.

[13] 28 U.S.C. § 1446(b).

[14] *Id.*

because he became aware that the United States was served on November 29, 2006[15] and because he filed the notice of removal 15 days later on December 14, 2006.

The 30-day removal period "commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels."[16] The state court papers reflect that Kearns was served on November 13, 2006.[17] He did not file his notice of removal until December 14, 2006—31 days later. Thus, the plaintiffs are correct—the notice of removal was not timely under section 1446.

Although untimeliness renders a removal defective, there is a more fundamental reason why removal was defective: Section 1446 authorizes removal by only defendants,[18] and the state court papers do not indicate that Kearns has been named as a defendant. The plaintiffs' live complaint—the plaintiffs' second amended petition—named Wynelle Sheffield, Lynn Walt Sheffield, and Jo Nell Sheffield Hobizal as defendants, but it did not name Kearns as a defendant. Although the petition does not name Kearns as a defendant, Kearns was served. The

---

[15]The United States was served on November 6, 2006. *See* docket entry # 6, p. 87.

[16]*City of Clarksdale v. BellSouth Telecommunications*, 428 F.3d 206, 210 (5th Cir. 2005). *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) ([A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

[17]*See* docket entry # 6, p. 91.

[18]*See* 28 U.S.C. § 1446(a) ("A *defendant* or *defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . . ") (emphasis added). *See also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.").

reason for that service is not apparent. The state court papers include a citation addressed to Kearns, but the citation contains no reference to Kearns as a defendant.[19] Instead, the citation states that the plaintiffs' second amended complaint was filed "against: Wynelle Sheffield, Lynn Walt Sheffield, and Jo Nell Sheffield Hobizal and The United States — Department of Treasury-Internal Revenue Service (lienholder), Defendant(s) in [the] suit. . . ."[20] Consequently, the citation does not indicate that the plaintiffs have named Kearns as a defendant.

Although the plaintiffs' petition does not name Kearns, the state court papers indicate that Wynelle Sheffield sought to add Kearns as a defendant. The state court papers include a motion filed by Wynelle Sheffield on October 25, 2006, asserting that she had conveyed an interest in the property that is the subject of the lawsuit to Kearns and asking for leave to add Kearns as a defendant.[21] Under the Texas Rules of Civil Procedure, a defendant "may cause a citation and petition to be served upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him"[22]—that is, a Texas defendant may bring in a third party as a defendant. Under the Texas rules, a defendant acting as a third-party plaintiff "need not obtain leave to make the service if he files the third-party petition not later than thirty (30) days after he serves his original answer. Otherwise, he must obtain leave on

---

[19]*See* docket entry #6, pp. 89-91.

[20]Docket entry #6, p. 89.

[21]*See* docket entry # 6, pp. 68-70. The papers also include a document titled, "Request to Add Defendant and Demand for Judicial Notice, where in Wynelle Sheffield states that she has designated Kearns as his agent for property taxes and asks that all correspondence and filings in the lawsuit be sent to Kearns. That document does not bear a file stamp. *See* docket entry # 6, pp. 50-53.

[22]TEX. R. CIV. P. 38(a).

motion upon notice to all parties to the action."[23] Wynelle Sheffield's answer indicates that it was served on October 14, 1987.[24] Wynelle Sheffield filed her motion to add a defendant over 19 years later—on October 25, 2006. Because Wynelle Sheffield filed her motion later than 30 days after she served his answer, leave of court was required to add Kearns as a defendant in state court. The state court papers do not include an order granting leave to add Kearns as a defendant. As a result, the state court never authorized Kearns to participate as a defendant in this case.

Federal law, however, applies to determine whether a party is a defendant for the purposes of the removal statute.[25] Rule 14 of the Federal Rules of Civil Procedure governs when a defendant may bring in a third party. Under that rule, "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."[26] The third-party plaintiff, however, must obtain leave of court to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. That did not occur in this case. Wynelle served her answer on October 14, 1987, and filed her motion on October 25, 2006—well outside the 10-day period. Wynelle Sheffield has not obtained leave of court to add Kearns as a defendant. Without leave of court, Kearns is not a defendant.

At most, Kearns is a third party plaintiff by way of intervention. The state court papers

---

[23] *Id.*

[24] *See* docket entry # 6, pp. 15-16.

[25] FED. R. CIV. P. 1.

[26] FED. R. CIV. P. 14(a).

contain a document titled, "Appearance by Third Party Intervenor."[27] In that document, Kearns characterized himself as a "Third Party Intervenor Plaintiff" and stated that he owns an interest in the property that is the subject of the lawsuit.[28] Kearns asserted the right to intervene in the action and "reserve[d] the right to file a formal Complaint when the facts are fully fleshed out, and the responsible parties are identified."[29] In Texas, "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."[30] The state court papers do not contain an order striking Kearns's pleading. Because Kearns's pleading was not struck, Kearns became an intervenor—a third party plaintiff—in state court.

In federal court, Rule 24 permits a third party to intervene upon a timely motion. Kearns has not moved to intervene in federal court. At this point, any such motion would be timely. Whether Kearns is an intervenor, however, does not really matter because section 1446 does not permit an intervening plaintiff to remove a case to federal court—section 1446 permits only defendants to remove.

Moreover, section 1446 contemplates removal by defendants named by the plaintiffs—not by defendants acting as third-party plaintiffs. Section 1446 gives a defendant two opportunities to remove a case: upon the filing of the original complaint if the case is initially removable, and if not, when the case becomes removable. Here, Wynelle Sheffield—if not,

---

[27]*See* docket entry # 6, pp. 75-77.

[28]*See* docket entry # 6, p. 75.

[29]*See* docket entry # 6, p. 76.

[30]TEX. R. CIV. P. 60.

Kearns—has attempted to create a third opportunity by contriving a basis for removal. Wynelle first attempted to add Kearns as a defendant by designating Kearns as her agent for property taxes.[31] Four weeks later, Wynelle Sheffield conveyed a one-tenth of one per cent interest in two of the three tracts of real estate that are the subject of the plaintiffs' second amended complaint over to Kearns.[32] Wynelle Sheffield then moved to add Kearns as a defendant, asserting that Kearns had a financial interest in the property and that Kearns needed to be added as a defendant.[33] This series of events demonstrates that Wynelle Sheffield or Kearns himself—not the plaintiffs—contemplated Kearns as a defendant. Because Kearns is not a defendant in this case, no basis existed for Kearns to remove this case under section 1446. The removal was defective.

**V. Whether Removal Was Proper Because the United States Is a Defendant**

Kearns maintains that removal was proper because the plaintiffs' claims raise a federal question under 28 U.S.C. § 1336 and 28 U.S.C. § 2410. Section 1336 gives federal courts original jurisdiction over civil actions against the United States. Ordinarily, the United States is not subject to suit unless it has waived its sovereign immunity.[34] Section 2410 "waives the sovereign immunity of the federal government, enabling private parties to hale the government into court to determine the priority of outstanding liens on real or personal property."[35] Where a

---

[31] *See* docket entry # 6, pp. 50-53.

[32] *See* docket entry # 6, p. 70.

[33] *See* docket entry # 6, pp. 68-70.

[34] *Hussain v. Boston Old Colony Ins.*, 311 F.3d 623, 629 (5th Cir. 2002).

[35] *Hussain*, 311 F.3d at 629.

plaintiff names the United States as a defendant in a case involving a federal lien, the United States may remove the case to federal court under 28 U.S.C. § 1444.[36] That right, however, is exclusive to the United States—section 1444 does not permit a third party or some other defendant to remove the case.[37] Although section 2410 permits a party to name the United States as a defendant, it "does not create a basis for federal subject matter jurisdiction."[38] Thus, Kearns had no basis to remove this case.

## VI. Recommendation

Kearns has not met his burden to demonstrate that removal was proper in this case. As a result, I recommend that the District Court GRANT the plaintiffs' motion to remand (docket entry #s 10 & 15) and REMAND this case to the 25th Judicial District Court, Gonzales County, Texas on December 14, 2006.

## VII. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum

---

[36] *See* 28 U.S.C. § 1444 ("Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."); 28 U.S.C. § 2410 (authorizing the naming of the United States as a defendant in actions involving real or personal property subject to a federal lien).

[37] 28 U.S.C. § 1444 ("Any action brought under section 2410 of this title against the United States in any State court may be removed *by the United States* . . . .") (emphasis added).

[38] *Hussain*, 311 F.3d at 635.

and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[39] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[40] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[41]

**SIGNED** on February 27, 2007.

Nancy Stein Nowak

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[39] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[40] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[41] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).